IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO.  09-00114 |
| v. | * | |
| | * | |
| GREGORY LEE | * | |

### PLEA AGREEMENT

The defendant, **GREGORY LEE,** represented by his counsel, and the United States of America have reached a Plea Agreement in this case, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

### RIGHTS OF THE DEFENDANT

1. The defendant understands his/her rights as follows:

    a. To be represented by an attorney;

    b. To plead not guilty;

    c. To have a trial by an impartial jury;

    d. To confront and cross-examine witnesses and to call witnesses and produce other evidence in his/her defense;

    e. To not be compelled to incriminate himself/herself.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2. The defendant waives rights b through e, listed above, and pleads guilty to Count 4 of the Superseding Indictment, charging a violation of 21 United States Code, Section 841, Possession with intent to distribute crack cocaine.

3. The defendant understands that the statements he/she makes under oath in the plea of

guilty must be completely truthful and that he/she can be prosecuted for making false statements or perjury for any false statements he/she makes intentionally in this plea of guilty.

4. The defendant expects the Court to rely upon his/her statements here and his/her response to any questions that he/she may be asked during the guilty plea hearing.

5. The defendant is not under the influence of alcohol, drugs, or narcotics. He/She is certain that he/she is in full possession of his/her senses and mentally competent to understand this Plea Agreement and the guilty plea hearing which will follow.

6. The defendant has had the benefit of legal counsel in negotiating this Plea Agreement. He/She has discussed the facts of the case with his/her attorney, and his/her attorney has explained to the defendant the essential legal elements of the criminal charge(s) which has/have been brought against him/her. The defendant's attorney has also explained to the defendant his/her understanding of the United States' evidence.

7. The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charge(s) beyond a reasonable doubt. The defendant and his/her counsel have discussed possible defenses to the charge(s). The defendant believes that his/her attorney has represented him/her faithfully, skillfully, and diligently, and he/she is completely satisfied with the legal advice of his/her attorney.

8. A separate document, entitled Factual Resume, will be submitted to the Court as evidence at the guilty plea hearing. The Factual Resume is incorporated by reference into this Plea Agreement. The defendant and the United States agree that the Factual Resume is true and correct.

9. This plea of guilty is freely and voluntarily made and is not the result of force,

threats, promises, or representations apart from those set forth in this Plea Agreement. There have been no promises from anyone as to the particular sentence that the Court may impose. The defendant avers that he/she is pleading guilty because he/she knows that he/she is guilty.

## PENALTY

10. The maximum penalty the Court could impose as to Count Four of the Superseding Indictment is:

   a. 5 yrs to 40 yrs minimum mandatory imprisonment;

   b. A fine not to exceed $2,000,000;

   c. A term of supervised release of 4 years, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he/she could be imprisoned for the entire term of supervised release; and

   d. A mandatory special assessment of $100.00.

## SENTENCING

11. The Court will impose the sentence in this case. The United States Sentencing Guidelines apply in an advisory manner to this case. The defendant has reviewed the application of the Guidelines with his/her attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant understands that at sentencing, the Court may not necessarily sentence the defendant in accordance with the Guidelines. The defendant understands that he/she will not be allowed to withdraw his/her guilty plea if the applicable guideline range is higher than expected, if the Court departs from the applicable advisory guideline range, or if the Court imposes a sentence

notwithstanding the Guidelines.

12. The United States may provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation. Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

13. The defendant understands that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely the discretion of the Court.

14. Both the defendant and the United States are free to allocute fully at the time of sentencing.

15. The defendant agrees to tender $100.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case. The United States reserves the right to <u>withdraw</u> any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of his/her sentencing.

## UNITED STATES' OBLIGATIONS

16. The United States will not bring any additional charges against the defendant related to the facts underlying the Superseding Indictment. This agreement is limited to the United States Attorney's Office for the Southern District of Alabama and does not bind any other federal, state, or local prosecuting authorities.

17. The United States will recommend to the Court that the defendant be sentenced at the **low end** of the applicable advisory sentencing guideline range as determined by the Court.

## APPLICATION OF U.S.S.G. § 5K1.1 AND/OR FED.R.CRIM.P. 35

18. If the defendant agrees to cooperate with the United States, he/she agrees to the following terms and conditions:

    a.    The defendant shall **fully, completely, and truthfully** respond to all questions put to him/her by law enforcement authorities regarding the underlying facts of the offense(s) with which he/she is charged, as well as the underlying facts of **any** criminal offense(s), state or federal, of which he/she has information or knowledge.

    b.    The defendant acknowledges that he/she understands that he/she shall provide **truthful and complete** information regarding **any** offense about which he/she has knowledge or information regardless of whether or not law enforcement authorities question him/her specifically about any such offense. This provision requires the defendant to divulge all information available to him/her even when law enforcement authorities do not know about the defendant's involvement, knowledge or information relating to any particular offense. This requirement extends to **any and all persons** about whom the defendant has such knowledge or information.

    c.    The defendant agrees to cooperate completely with all law enforcement authorities in any matters to which his/her cooperation may be deemed relevant by any law enforcement authority. The defendant agrees to fully comply with all instructions from law enforcement authorities regarding the specific assistance he/she shall provide. This includes, but is not limited to, consenting

        to monitored and/or recorded telephone conversations, participating in undercover operations, testifying **completely and truthfully** before any grand jury, at any pre-trial proceeding, during any trial, and any post-trial proceeding.

d.     If the United States deems it necessary, the defendant may be required to take a polygraph examination(s) which will be administered by a government polygrapher.  The defendant agrees that the results of any polygraph examination may be used by the United States in its evaluation of whether or not there has been substantial assistance, and are admissible at sentencing to rebut an assertion by the defendant of bad faith or unconstitutional motive on the part of the United States.

e.     The defendant agrees to turn over to the United States any and all documents, tapes and other tangible objects which are in his/her possession or under his/her control and which are relevant to his/her participation in and knowledge of criminal activities whether relating to the charged offense or not.  This obligation is a continuing one and includes materials that the defendant may acquire, obtain or have access to after the execution of this agreement.

f.     [If applicable] The defendant agrees to confess the forfeiture to the United States of all properties which represent proceeds of his/her criminal activities or which facilitated any aspect of these illegal activities.  The defendant also agrees to identify the assets of any other person which were obtained through or facilitated the defendant's illegal activities or the illegal activities of another.

g.     If the defendant provides full, complete, truthful and substantial cooperation

to the United States, which results in substantial assistance to the United States in the investigation or prosecution of another criminal offense, a decision specifically reserved by the United States in the exercise of its sole discretion, then the United States agrees to move for a downward departure in accordance with Section 5K1.1 of the United States Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, whichever the United States deems applicable.  The United States specifically reserves the right to make the decision relating to the extent of any such departure request made under this agreement based upon its evaluation of the nature and extent of the defendant's cooperation.  The defendant understands that the United States will make no representation or promise with regard to the exact amount of reduction, if any, the United States might make in the event that it determines that the defendant has provided substantial assistance. The defendant understands that a mere interview with law enforcement authorities does not constitute substantial assistance for this purpose.  The defendant also understands that should he/she provide untruthful information to the United States at any time, or should he/she fail to disclose material facts to the United States at any time, the United States will not make a motion for downward departure.  If the defendant's effort to cooperate with the United States does not amount to substantial assistance as determined solely by the United States, the United States agrees to recommend to the district court judge who sentences the defendant that the defendant receive a sentence at the low end of

   the applicable advisory guideline range.

h.  The United States and the defendant agree that any breach of this agreement by the defendant, including but not limited to committing a new offense, failing to cooperate, intentionally withholding information, giving false information, committing perjury, failing to identify assets obtained by him/her from his/her illegal activities or obtained by others associated with him/her or of which he/she has knowledge, refusing to take a polygraph examination, failing a polygraph examination, or refusing to testify before the grand jury or at any judicial proceeding, would:

(1)  permit the United States to reinstate and proceed with prosecution on any other charges arising from the matters underlying the Superseding Indictment; and

(2)  permit the United States to instigate and proceed with the prosecution on any other charges arising from a breach of this agreement. The United States will not be limited, in any respect, in the use it may make against the defendant of any information provided by the defendant during his/her breached cooperation. Such breach will constitute a waiver of any claim the defendant could make under the United States Constitution, the Federal Rules of Evidence, the Federal Rules of Criminal Procedure, or any statute or case law by which the defendant seeks to suppress the use of such information or any evidence derived from such information.

i. Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement, including perjury, false declaration, false statement, and obstruction of justice, should the defendant commit any of these offenses during his/her cooperation. The defendant acknowledges and agrees that the information and documents that he/she discloses to the United States pursuant to this agreement may be used against him/her in any such prosecution.

j. [If applicable] The United States and the defendant agree that the defendant will continue his/her cooperation even after he/she is sentenced in the instant matter. His/Her failure to continue his/her cooperation will constitute a breach of this agreement, and the defendant agrees that under such conditions, the United States will be free to reinstate the charges and the prosecution of the charges in the Superseding Indictment, which are to be dismissed in accordance with this agreement. Under these circumstances, the defendant expressly waives any rights he/she may have under the status of limitations and the speedy trial provisions.

## **LIMITED WAIVER OF RIGHT TO APPEAL SENTENCE**

19. The defendant acknowledges that he/she is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. In exchange for the recommendations made by the United States in this Plea Agreement, the defendant knowingly and voluntarily waives the right to appeal any sentence imposed in this case.

20. With the limited exceptions noted below, the defendant also waives his/her right to

challenge any sentence so imposed, or the manner in which it was determined, in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255.

21. The defendant reserves the right to contest in an appeal or post-conviction proceeding any of the following:

    a. Any punishment imposed in excess of the statutory maximum;

    b. Any punishment that constitutes an upward departure from the guideline range; or

    c. A claim of ineffective assistance of counsel.

22. In addition, the defendant reserves the right to petition the Court for resentencing pursuant to 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the defendant's sentence.

## VIOLATION OF AGREEMENT

23. The defendant understands that if he/she violates any provision of this agreement, the United States will be free from any obligations imposed by this agreement and will be free to prosecute the defendant on any charges of which it has knowledge. In such event, the defendant agrees not to assert any objections to prosecution that he/she might have under the 6th Amendment and/or Speedy Trial Act.

24. In addition, if the defendant is released from detention prior to sentencing, he/she understands that the United States will no longer be bound by this agreement if he/she violates any condition of his/her release prior to sentencing or prior to serving his/her sentence after it is imposed.

## ENTIRETY OF AGREEMENT

25. This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

Respectfully submitted,

EUGENE A. SEIDEL
ACTING UNITED STATES ATTORNEY

Date: 9/10/09

JOHN G. CHERRY (CHER5767)
Assistant United States Attorney

I have consulted with my counsel and fully understand all my rights with respect to the offense(s) charged in the Superseding Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.

Date: 9-24-09

GREGORY LEE
DEFENDANT

11

I am the attorney for the defendant. I have fully explained his/her rights to him/her with respect to the offense(s) charged in the Superseding Indictment in this matter. I have carefully reviewed every part of this Plea Agreement with him/her. To my knowledge, his/her decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his/her decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date:_____                              _____
                                                  RICHARD ALEXANDER
                                                  Counsel for GREGORY LEE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO. 09-00114 |
| v. | * | |
| | * | |
| GREGORY LEE | * | |

## FACTUAL RESUME

The defendant, **GREGORY LEE**, admits the allegation of Count 4 of the Superseding Indictment.

## ELEMENTS OF THE OFFENSE

**LEE** understands that in order to prove a violation of Title 21, United States Code, Section 841, as charged in Count 4 of the Superseding Indictment, the United States must prove:

First: That the defendant knowingly and willfully possessed a Schedule II controlled substance, crack cocaine; and

Second: That the defendant possessed the substance with intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

## OFFENSE CONDUCT

Defendant, **GREGORY LEE**, admits in open court and under oath that the following statement is true and correct and constitutes evidence in this case.

On June 9, 2009, the 35th Judicial Circuit Task Force (JCTF) and an ATFE agent conducted a controlled buy of crack cocaine from Mark Gill and LEE using a

1

Confidential Informant (CI) wearing an undercover audio and video recording device. Between 11:30 a.m. and 4:00 p.m. on that date, the CI and Gill exchanged telephone calls setting up the time and place of the controlled purchase. During one call, Gill told the CI the deal would take place in Owassa, Alabama at Gill's father's residence on Cord Road near I-65. Later that afternoon, the agents observed Gill heading for that residence, and a few minutes later, LEE, acting at the instruction of Gill, came to the residence and turned over to the CI 11.85 grams of crack cocaine for the amount of $700. The CI then turned the substance over to the control agents who had the substance analyzed and weighed at the Alabama Department of Forensic Sciences. These events all occurred within th Southern District of Alabama.

AGREED TO AND SIGNED.
Respectfully submitted,

EUGENE A. SEIDEL
ACTING UNITED STATES ATTORNEY

Date: 9/10/09

JOHN G. CHERRY
Assistant United States Attorney CHERJ5767

Date: 9-24-09

GREGORY LEE
Defendant

Date: 9/24/09

_____
RICHARD ALEXANDER
Counsel for Defendant